**Fatmir BACI, Raimonda Baci, and Valbona Baci, Petitioners,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**Nos. 03–41158–AG(L), 03–41162(CON), 03–41164(CON) NAC.**

United States Court of Appeals, Second Circuit.

Jan. 10, 2006.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Charles Christophe, New York, New York, for Petitioner.

Glenn T. Suddaby, United States Attorney for the Northern District of New York, Geoffrey J.L. Brown, Assistant United States Attorney, Syracuse, New York, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT A. KATZMANN, and Hon. BARRINGTON D. PARKER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DENIED.

Fatmir, Raimonda, and Valbona Baci, through counsel, petitions for review of the BIA decision denying Fatmir Baci's claims for asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the IJ's decision where, as here, the BIA summarily affirmed the IJ decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews questions of law *de novo*. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). On the other hand, this Court reviews the IJ's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004).

### A. Past Persecution

■ Even if Baci had established membership in a particular social group, the IJ found that he failed to establish past persecution with the facts he presented. This Court reviews an IJ's application of legal principles to the particular facts of a case, including what degree of harm amounts to past persecution, *de novo*. *Secaida–Rosales*, 331 F.3d at 307. While this Court has acknowledged that "various types of conduct constitute persecution," *Guan Shan Liao v. United States Department of Justice*, 293 F.3d 61, 67 (2d Cir.2002), this Court has generally required that the degree of alleged harm be severe, rising above mere harassment or discrimination. *See Tian–Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir.2004). As the IJ correctly noted, the only harm Baci experienced personally was losing his job. Such harm, standing alone, does not constitute persecution. More importantly, Baci did not allege that the Albanian government fired him on account of any protected ground. Therefore, he did not establish past persecution within the meaning of the INA.

## B. Well–Founded Fear of Future Persecution

■ Because Baci did not establish past persecution, he was not entitled to the presumption that he had a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1). Moreover, the IJ found that he had not demonstrated any reason to suspect the current Albanian government would have any interest in him, and that the country condition reports further undermined Baci's claim to have an objectively reasonable fear of persecution. This Court reviews such findings of fact under the substantial evidence standard. See Secaida–Rosales, 331 F.3d at 307.

Here, substantial evidence supports the IJ's factual findings. Baci's assertion that either the Socialist or the Democratic Party would force him to share the intelligence he acquired when working for the former government ten years ago is completely speculative. He failed to establish either that he would be singled out for such treatment, or that there was a pattern or practice of persecution against similarly situated persons. See 8 C.F.R. § 1208.13(b)(2)(C)(iii). He offered no evidence that any former diplomats had experienced such coercion, or even that he knew former diplomats who had returned to Albania. His testimony that "they" had taken revenge on his family on his account is also speculative, given that he did not identify his family's enemies or indicate why he thought they were targeted on his account.

The IJ was also correct in finding that Baci failed to establish a well-founded fear based on his political opinion. He testified that he was neither a member nor a sympathizer of any party, and that he did not know the political affiliations of his family members in Albania. Neutrality is not considered to be an expression of a political opinion. See INS v. Elias-Zacarias,

502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). To the extent that Baci's claim rests on his imputed political opinion, he failed to specify which faction would impute what opinion to him. The statements in the State Department report that there were no confirmed political prisoners or killings by the government provided further support for the IJ's finding that Baci did not have an objectively reasonable fear of persecution.

## C. The CAT Claim

Baci argues that the IJ's denial of CAT relief is not supported by substantial evidence. However, it is not clear from the record that Baci ever applied for CAT relief. Assuming he had applied, however, Baci is barred from raising this claim before this Court because he failed to raise it before the BIA. Gill v. INS, 420 F.3d 82, 86 (2d Cir.2005); Foster v. INS, 376 F.3d 75, 78 (2d Cir.2004).

## D. Suspension of Deportation and Adjustment of Status

Baci failed to address the IJ's denial of either suspension of deportation or adjustment of status before this Court, and therefore any challenge is deemed waived. Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir.1998).

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal is this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).